# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID RAETZSCH, | § | |
| | § | |
| V. | § | A-08-CA-850-LY |
| | § | |
| NATHANIEL QUARTERMAN, | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support (Document 2); and Respondent's Motion to Transfer for Lack of Jurisdiction (Document 13). Petitioner did not file a response thereto. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 117th Judicial District Court of Nueces County, Texas, in cause number 83-CR-809-B styled <u>The State of Texas v. David Raetzsch</u>. Petitioner was convicted of burglary and sentenced to 25 years in prison on March 9, 1984.

Petitioner was released to mandatory supervision on May 2, 2006. On September 20, 2007, Petitioner's mandatory supervision was revoked. Petitioner does not challenge his holding conviction. Rather, Petitioner challenges the revocation of his mandatory supervision and the credit he has been given toward his sentence.

B.  **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. There were no facts to warrant revocation of his release;

2. The Board of Pardons and Paroles erred in not reopening his revocation hearing or reinstating his release;

3. He received ineffective assistance of counsel at the revocation hearing because counsel failed to investigate;

4. He received ineffective assistance of counsel at the revocation hearing because counsel failed to support the facts and the truth;

5. His parole officer gave false testimony at the revocation hearing;

6. While it was alleged at his hearing that Petitioner did not attend a scheduled parole office visit; he did not receive notice of his requirement to attend that scheduled visit;

7. He was not given notice of the parole revocation hearing;

8. He received ineffective assistance of counsel at the parole revocation hearing because counsel did not object to Petitioner's lack of notice that the hearing was going to occur;

9. The Parole Board did not demonstrate that he understood the terms of his release because Petitioner did not sign his release certificate; and

10. He was not given credit for the time that he spent in jail, pre-revocation from October 12, 2007 until December 28, 2007.

## C. Procedural Matters

Respondent contends Petitioner has not exhausted his state court remedies regarding the claims brought in this application. In addition, Respondent argues Petitioner's claims, with the exception of his second claim, are time-barred. With regard to the second claim Respondent argues it is not cognizable in a federal writ of habeas corpus. Respondent also argues venue is not proper in this Court.

## II. DISCUSSION AND ANALYSIS

### A. Venue

Venue is proper in a habeas corpus action in either the district court where the petitioner is in custody or in the district within which the petitioner was convicted and sentenced. 28 U.S.C. § 2241(d). Respondent contends venue is only proper in the Corpus Christi Division of the Southern District of Texas, because Petitioner was convicted in Nueces County, Texas, and he is no longer confined in prison. Respondent ignores that Petitioner is on mandatory supervision and is considered "in custody." Petitioner indicates he is residing in Austin, Texas, and he presumably reports to his supervising officer in Austin. Therefore, the Court is of the opinion venue is proper in this Court and in the Corpus Christi Division of the Southern District of Texas. Because venue is proper in this Court, the Court should deny Respondent's request to transfer venue.

### B. Claim Two

Petitioner contends the Parole Board violated the Texas Administrative Code by refusing his motion to reopen his revocation hearing or re-releasing him on mandatory supervision. As explained by Respondent, this claim has no basis in federal constitutional law and does not present a basis for federal habeas corpus relief.

## C. Statute of Limitations

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The factual predicate of Petitioner's claims, with the exception of claim two, could have been discovered through the exercise of due diligence no later than the date his mandatory supervision was revoked. Petitioner's mandatory supervision was revoked on September 20, 2007. On July 16, 2008, Petitioner filed a state application for habeas corpus relief. Ex parte Raetzsch, Appl. No. 14,958-09. However, the application was dismissed as non-compliant on September 10, 2008.

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

Petitioner's state application did not operate to toll the limitations period, because it was not properly filed. An application for state post-conviction relief is "properly filed" for purposes of 28 U.S.C. § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000). See also Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999) (state habeas application "properly filed" when it conforms with state's applicable procedural filing requirements such as those governing time and place of filing). Petitioner's state habeas corpus application did not constitute a "properly filed" application for purposes of 28 U.S.C. § 2244(d)(2), because the Texas Court of Criminal Appeals determined the application failed to comply with TEX. R. APP. P. 73.2. Edwards v. Dretke, 116 Fed. Appx. 470, 471 (5th Cir. 2004). Therefore, when Petitioner filed his federal application on November 20, 2008, the one-year limitations period had already expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Accordingly, Petitioner's application, with the exception of claim two, should be dismissed as time-barred.

**D.     Exhaustion of State Court Remedies**

Alternatively, Petitioner's entire application should be dismissed for failure to exhaust state court remedies. A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief.

5

Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 116 S. Ct. 715 (1996). Section 2254(b) provides that:

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

  (A)  the applicant has exhausted the remedies available in the courts of the State; or

  (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. Picard v. Connor, 404 U.S. 270, 275-76, 92 S. Ct. 509, 512 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982)(citing, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91, 93 S. Ct. 1123, 1127 (1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. See generally, Castille, 489 U.S. at 351, 109 S. Ct. at 1060.

In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. Rose, 455 U.S. at 522, 102 S. Ct. at 1205. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. Id.

In the present case, Petitioner has not presented his claims to the Texas Court of Criminal Appeals, because his state application was dismissed as non-compliant. Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. And while the exhaustion requirement can be excused when exceptional circumstances exist, see Deters v. Collins, 985 F.2d 789 (5th Cir. 1993), Petitioner makes no allegations that any exceptional circumstances are present in this case. Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

### III. RECOMMENDATION

It is recommended that Respondent's Motion to Transfer for Lack of Jurisdiction with respect to Respondent's request to transfer venue be denied. It is further recommended that Respondent's request to dismiss for failure to state a claim and as time-barred be granted and Petitioner's application for writ of habeas corpus be dismissed without prejudice with respect to claim two and dismissed with prejudice as time-barred with respect to Petitioner's remaining claims. Alternatively, it is recommended that Respondent's request to dismiss for failure to exhaust state court remedies be granted and Petitioner's application for writ of habeas corpus be dismissed without prejudice in its entirety for failure to exhaust state court remedies.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of April, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE